JOHN A. BICKEL and others, appellants *vs.* CHARLES POLK, plaintiff below, respondent.

The public have a right of navigation and fishery on all streams where the tide ebbs and flows, even though the ripairian proprietor's lines cover the place; but they have no right to land fish on private property, above high water mark.

THIS was an appeal from the judgment of a justice of the peace, in an action of trespass, for crossing the plaintiff's land to the bay shore, and hauling fish up on the same.

The plaintiff was in possession of a farm, extending to the Delaware bay, the original lines of which, according to the patent, run beyond where the fast land now extends, the sea having gradually encroached upon the land, and the tide now ebbs and flows where those lines once covered.

The defendants hauled their seines in the Delaware bay, in front of Mr. Polk's property, landed their fish, and sold them or carried them away; and claimed the right to do so as a common right.

*Mr. Fisher*, for the plaintiff, said that the suit was not brought for the damages, but to settle a principle.

He maintained that the defendants were guilty of a trespass, by landing fish on the plaintiff's property, either below or above high water mark. He cited 4 *Cowen*, 542; 14 *Serg. & Rawle*, 9; 6 *Mass. Rep.*, 435; 14 *Johns. Rep.*, 256.

*Mr. Smithers* said, that the right to fish was a common right, and any one might exercise it between high and low water mark; that as the riparian proprietor acquired a right to land left by the re-

ceding of the sea, he lost his individual right to land overflowed by the accretion of the tide. He cited *Angel on Tide Waters*, 21, 33; 38, *n.* 45; 125 to 135; 142-3; 146; 260.

Booth, *Chief Justice.*—This is an action of trespass for breaking and entering the plaintiff's close; taking and carrying away fish, &c.

The land of Charles Polk by the original patent and survey, extends to the Delaware bay, which has encroached upon the land some seventy perches; and the question is, whether the defendants are guilty of a trespass for taking fish between high and low water mark, or below that line, but over soil which once belonged to the plaintiff, and which by the encroachments of the sea had become covered with water.

The right of fishing in all public streams where the tide ebbs and flows, is a common right, and the owner of land adjoining tide water, though his title runs to low water mark, has not an exclusive right of fishing; the public have the right to take fish below high water mark, though upon soil belonging to the individual, and would not be trespassers in so doing; but if they take the fish above high water mark, or carry them above high water mark and land them on private property, this would be a trespass; but the damages would be merely nominal, as for an illegal entry; it being agreed in the argument that there was no other injury. In all navigable rivers, where the tide ebbs and flows, the people have of common right the privilege of fishing, and of navigation, between high and low water mark; though it be over private soil.

      The jury could not agree, and the parties compromised.

*Fisher*, plaintiff.

*Smithers*, for defendants.